Jim Spinner, Esquire (#3417)
**SERVICE & SPINNER**
1335 East Center - P.O. Box 6009
Pocatello, Idaho 83205-6009
Telephone: (208) 232-4471
FAX: (208) 232-1808
Email: spinjim@cablone.net

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of:<br><br>BRETT K. HARRIS and<br>TERESA LYNNE HARRIS,<br><br>    Debtors. | Case No. 12-41439-JDP<br>Chapter 7 |
| R. SAM HOPKINS, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>BRETT K. HARRIS and<br>TERESA LYNNE HARRIS,<br>    Defendants. | Adv. Proc. No. 14-08019--JDP |

## STIPULATION FOR SETTLEMENT

COME NOW R. Sam Hopkins, Trustee herein, ("Trustee"), and Brett K. Harris and Teresa Lynne Harris, ("Defendants" herein), individually and/or by and through their attorneys of record and hereby stipulate and agree as follows:

1. The above-named Defendants did file with this Court a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on October 16, 2012, as case number 12-41439-JDP. The case was converted to Chapter 7 on November 13, 2012, (bk docket #26).

2. Discharge of debts of the Defendants was entered by the Court on or about March 14, 2013, (bk docket #62).

3. The Trustee instituted the above adversary proceeding to revoke the Defendants' discharge of debts, pursuant to 11 U.S.C.§§ 727(d)(1), (d)(2), alleging the Debtors' failed to

**STIPULATION FOR SETTLEMENT - 1**

disclose interests in accounts and property, and transfers of property, pursuant to their duties under § 11 U.S.C. 521(a)(3) and (4), as outlined in the Trustee's complaint.

4. The Defendants disputed the Trustee's action. Defendants deny any intentional lack of disclosure and assert that any non-disclosure was the result of poor communication with prior counsel, confusion regarding extent of liens and ownership questions with business entities which the Defendants were involved. Defendants further assert that they have cooperated with the Trustee in surrendering property, funds, and records, have retained new counsel, and have filed amended schedules and bankruptcy filings to provide missing information and comply with the Trustee's requests. The Debtors are also willing to participate in resolving several related adversary proceedings involving alleged transfers of their property, identified as adversary case nos. 14-8048, 14-8049, 14-8050, and 14-8051, pending in the U.S. Bankruptcy Court for the District of Idaho.

5. The parties have determined it to be in their mutual best interest to amicably settle and compromise the issues existing between them.

6. Based on the above, Defendants agree to pay to the Trustee a sum equal to any unpaid account monies at the time of filing, cash surrender amounts on policies, and funds equal to the value of transfers allegedly of their property or funds to third parties in the above identified adversary proceedings, in the total amount of $91,000.00. Said sum of $91,000.00 will be paid through installments as follows: The sum of $10,000.00 within 14 days of the execution of this agreement; then an additional sum of $50,000.00 to be paid on or before February 1, 2015, with the remaining amount of $31,000.00 to be paid on or before July 1, 2015. The funds will be free and clear of any claims of exemption or otherwise by the Defendants. The parties further agree to work with the third party defendants and counsel in the above adversary cases, nos. 14-8048, 14-8049, 14-8050, and 14-8051, to facilitate stipulated dismissals of those actions upon full payment of the $91,000.00, with all parties in said third party actions to pay their own fees and costs.

7. The parties agree that, upon Court approval of this settlement, and fulfillment of the payment of the $91,000.00, and other conditions herein, such will be a full and final resolution of the adversary action and the related adversary actions identified as nos. 14-8048, 14-8049, 14-8050, and 14-8051.

**STIPULATION FOR SETTLEMENT - 2**

8. The Defendants further agree, that in the event they fail to timely make the payments set forth above, or any of them, to pay the full $91,000.00, that they will forfeit all payments that have been made and the Trustee may submit an affidavit outlining said default in payment and a request entry of a judgment against the Defendants revoking their discharge of debts as prayed for in the Trustee's complaint. The parties agree that the Court may enter said judgment in such event without the need for further notice or hearing.

9. Upon completion of the settlement terms and Court approval, the Trustee is authorized to file a motion and submit an order to the Court, dismissing the above adversary action.

10. The parties agree to submit this proposed Stipulation for Settlement to the Court for its approval. In the event the court shall fail or refuse to approve the stipulation, then the terms hereof shall not be binding upon the parties and shall be of no further force and effect, and any settlement funds held by the Trustee shall be returned to Defendant with both parties free to pursue their claims and defenses.

DATED this 11 day of December, 2014.    DATED this 11 day of December, 2014.

GRAY LAW OFFICES, PLLC    SERVICE & SPINNER
Attorney for Bret and Teresa Harris    Attorneys for R. Sam Hopkins, Trustee

By /s/ _____    By /s/ _____
Monte Gray    Jim Spinner


_____
Brett K. Harris

STIPULATION FOR SETTLEMENT - 3